The parties submitted a Pre-Trial Agreement with medical and other records attached.
Plaintiff has made a motion to present additional medical evidence on the appeal of this matter in the way of a deposition of Dr. David C. Waters. As the only issue for determination on appeal at this time is the liability issue and as the issue of liability is determined upon the basis of the credibility of plaintiff's testimony as to the history of the specific traumatic incident alleged, the undersigned, in their discretion, have determined that no additional medical testimony is necessary. Therefore, plaintiff's motion is HEREBY DENIED.
* * * * * * * * * * * * *
The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer.
3. The average weekly wage was $406.70.
4. Plaintiff's compensation rate would be $270.10.
* * * * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor modification to finding of fact number five and six as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDING OF FACT
1. Plaintiff is a 31-year-old married male who graduated from high school and served in the Air Force for over 10 years. He was honorably discharged in December 1992 and went to work for defendant as a route sales representative in February 1993. Plaintiff's duties involved driving a route truck to 10 to 12 stores a day, where he would inventory, sell, and stock drinks by the case.
2. On 23 June 1993 plaintiff presented to the North Beach Medical Center complaining of low back pain radiating down the left leg "since starting work for Pepsi — worse x two weeks." He also complained of spasms starting two weeks earlier which increased "lifting [a] box on the job today."
3. Dr. James Wilkerson referred plaintiff to Dr. David Waters at Neurosurgical Specialists in Norfolk, Virginia. On 9 July 1993 plaintiff gave Dr. Waters a history of insidious onset of discomfort and cramping of the left buttock and thigh on 10 June 1993, with the abrupt onset of severe and disabling pain in the left buttock and leg on 23 June 1993 while lifting at work. Dr. Waters ordered an MRI and diagnosed a massive herniated disc at L5-S1 on the left. On 13 July 1993 plaintiff underwent a left L5-S1 discectomy and foraminotomy by Dr. Waters. Post-operatively plaintiff did very well and was released by Dr. Waters to return to work without restrictions on 8 October 1993.
4. Approximately two weeks prior to 23 June 1993 plaintiff had a conversation with David Ward, defendant's area manager in Manteo, regarding pain he (plaintiff) had been experiencing in his lower back and down his left leg. Plaintiff said he hadn't had an accident and did not know what was causing the pain. Thereafter, when Ward would inquire in passing as to the condition of plaintiff's back, plaintiff would say it was the same. Then, on 23 June 1993, plaintiff called Ward from the Sea Mart store on his route and stated that he didn't think he could run his route because his back was hurting. Plaintiff did not give Ward a history of abrupt worsening of pain of a different sort while lifting a case of drinks at the New York Bagels store. Plaintiff merely described the same symptoms he had been experiencing for two weeks, and Ward thought it was just a continuation of his prior problems.
5. Plaintiff's testimony that he experienced the abrupt onset of worse and different pain on 23 June 1993 while twisting and lifting a case of drinks at New York Bagels is not accepted as credible or convincing. Plaintiff's back problems developed gradually and worsened over the course of weeks.
6. Assuming, arguendo, that plaintiff did experience the abrupt onset of worse and different pain on 23 June 1993 while lifting a case of drinks at New York Bagels, the medical evidence of record is insufficient to support a finding by its greater weight that the massive herniated disc which was subsequently diagnosed was caused by that lifting incident of 23 June 1993, as opposed to some prior incident or gradual worsening weeks earlier. However, this issue need not be reached and is moot at this time in light of the findings in Finding of Fact Number 5.
* * * * * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSION OF LAW
1. Plaintiff's claim for benefits under the Workers' Compensation Act is HEREBY DENIED because the credible and convincing evidence of record does not sufficiently establish that he suffered an injury by accident arising out of and in the course of his employment with defendant as a result of a specific traumatic incident of the work assigned on 23 June 1993; rather, plaintiff's back and left leg complaints began two weeks prior to 23 June 1993 and were not brought about by any specific lifting incident at work. G.S. 97-2(6).
* * * * * * * * * * * * * *
Based upon the conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Plaintiff's claim is hereby DENIED.
2. Each side shall pay its own costs is hereby DENIED.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
 S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _________________ J. RANDOLPH WARD COMMISSIONER
S/ _________________ MORGAN S. CHAPMAN DEPUTY COMMISSIONER
JHB/nwm 11/29/94